(27 Misc. Rep. 258.)

## HARRIS v. ELLIOTT et al.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

TRUSTS—WAIVER OF FIDUCIARY RELATION.

A stipulation between the beneficiaries and the trustee, as to the distribution of trust funds, is not a waiver of the fiduciary relation.

Appeal from special term.

Action by Richard D. Harris against George Elliott and others. There was a judgment for defendants, and plaintiff appeals. Affirmed.

This action was brought to determine the claims of defendants in a fund held by plaintiff, being the amount paid to him on a mortgage, which he held as trustee for defendants. Subsequently the conflicting claims were adjusted on a stipulation entered into by all the parties, which recited that it was "by way of compromise and settlement of this action, whereby the claims of the several defendants were liquidated and fixed at divers sums," and that, "upon the respective payments being made by plaintiff herein, the action be discontinued." Plaintiff withheld a portion of the sum due to certain of defendants, claiming that he was entitled to it for professional services. Defendants applied for an order requiring plaintiff to pay the balance. This motion was denied, on the ground that such a summary application could not be made on a stipulation which would involve the consequence of a punishment for contempt if the order was not complied with. 45 N. Y. Supp. 916. Plaintiff then asked for leave to serve a supplemental complaint, setting up the stipulation and the payments made under it, and the set-offs or counterclaims which he claimed to have against defendants for professional services, which leave was denied, but the order was reversed by the appellate division. 48 N. Y. Supp. 1020. Thereafter defendants moved to compel plaintiff to pay the money into court, which was denied, and on appeal the order was affirmed. 49 N. Y. Supp. 916. A demurrer to the supplemental complaint was afterwards sustained, which order, on appeal, was affirmed. 51 N. Y. Supp. 1012.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Otto C. Wierum, Jr., for appellant.

E. P. Wheeler and L. H. Beers, for respondents.

VAN BRUNT, P. J. This action has been before this appellate division upon various occasions, and it would seem that the rights of the parties had upon these several appeals been settled. After it had been determined by this court that the plaintiff in this action could not, as against the beneficiaries of the fund which he held in his hands as trustee, offset a personal claim, there seemed to be but one thing to be done, and that was to determine the amount of the interest of the beneficiaries in the fund. This has been done by the parties by the stipulation entered into by them, and it was thereupon the duty of the trustee to distribute the fund in the manner agreed upon by the beneficiaries. This stipulation being before the court by the supplemental complaint, when this action came to trial, if the defendants were willing to be bound by the allotment specified in the stipulation, there was nothing for the court to do but enter judgment against the plaintiff for the amounts therein mentioned in favor of the various beneficiaries. The claim upon the part of the plaintiff that any fiduciary or trust relation had been waived by the

defendants certainly has no foundation in fact. As has been previously announced by this court, after the making of the stipulation, the parties had a right either to proceed in this action, or separately to sue for their individual interests, as stated in the stipulation. They chose the former, they proceeded with this action, and were entitled to judgment for a distribution of this trust fund. The parties, as between themselves, making no objection to the manner in which the fund is distributed, the trustee would certainly be protected by its payment as directed by the judgment. But it would appear that such payment is to be delayed by the plaintiff as long as subterfuges can be resorted to in order to postpone the performance of a plain duty upon the part of the plaintiff.

The judgment should be affirmed, with separate bills of costs to each of the defendants appearing upon this appeal. All concur.